**SC-500**  Plaintiff's Claim and ORDER to Go to Small Claims Court (COVID-19 Rental Debt)

| Clerk stamps date here when form is filed. |
| --- |
| Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/04/2023 12:09 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By B. King, Deputy Clerk |

THIS IS AN ACTION TO RECOVER COVID-19 RENTAL DEBT AS DEFINED UNDER CODE OF CIVIL PROCEDURE, § 1179.02. ACCESS TO RECORDS IN THIS CASE IS LIMITED UNDER CODE OF CIVIL PROCEDURE, § 1161.2.5.

### Notice to the person being sued:

- You are the defendant if your name is listed in ② of this form or on form SC-500A. The person suing you is the plaintiff, listed in ①.
- You and the plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case. If you lose, the court can order that your wages, money, or property be taken to pay this claim. (**Note: This small claims case cannot result in your eviction.**) Bring witnesses, receipts, and any other evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights, and read *SC-500-INFO, COVID-19 Rental Debt in Small Claims Court* for more information, at *www.courts.ca.gov/forms*.

### Aviso al Demandado:

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario, o en el formulario SC-500A. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso. Si pierde el caso, la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo. (**Nota: Este caso de reclamos menores no puede resultar en un desalojo.**) Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos, y lea SC-500-INFO. *La deuda de alquiler del COVID-19 en la corte de reclamos menores* para más información, en *www.courts.ca.gov/forms*.

*Fill in court name and street address:*

Superior Court of California, County of
Los Angeles County

Beverly Hills Courthouse
9355 Burton Way
Beverly Hills, CA 90210

*Court fills in case number when form is filed.*

Case Number:

**23BHSC00636**

Case Name:
Beverly Hills Properties, LLC v. Shamoeil

### Order to Go to Court

The people in ① and ② must go to court: *(Clerk fills out section below.)*

| Trial Date | Date | Time | Department | Name and address of court, if different from above |
| --- | --- | --- | --- | --- |
| | 1. 10-12-2023 | 8:30 AM | 304 | |
| | 2. | | | |
| | 3. | | | David W. Slayton, Executive Officer/Clerk of Court |
| | Date: 08/04/2023 | | Clerk, by | B. King , Deputy |

### Instructions for the person suing:

- You are the plaintiff. The person you are suing is the defendant.
- **Before** you fill out this form, read forms SC-500-INFO and SC-100-INFO to know your rights. Get the forms at any courthouse or county law library, or go to *www.courts.ca.gov/forms*.
- Fill out pages 2, 3, and 4 of this form. Make copies of all the pages of this form and any attachments—one for each party named in this case and an extra copy for yourself. Take or mail the original and the copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above. Your court may allow electronic filing. Check your local court website for information: *www.courts.ca.gov/find-my-court.htm*.
- You must have someone at least 18—not you or anyone else listed in this case—give each defendant a court-stamped copy of all pages of this form and any pages this form tells you to attach. See forms SC-104 and SC-104B.
- **Go to court on your trial date** listed above. Bring witnesses, receipts, and any evidence you need to prove your case.

Plaintiff's Claim and ORDER
to Go to Small Claims Court
(COVID-19 Rental Debt)

☐ CEB Essential
ceb.com . Forms

Plaintiff *(list names):*    Beverly Hills Properties, LLC

**Case Number:**

---

**① The plaintiff (the person, business, or public entity that is suing) is:**

Name: Beverly Hills Properties, LLC _____ Phone: 310-278-8000

Street address: 9441 Wilshire Boulevard, Penthouse, Beverly Hills, CA 90212
           *Street*           *City*     *State*     *Zip*

Mailing address *(if different):* _____
              *Street*     *City*     *State*     *Zip*

Email address *(if available):* _____

**If more than one plaintiff, list next plaintiff here:**

Name: _____ Phone: _____

Street address: _____
              *Street*     *City*     *State*     *Zip*

Mailing address *(if different):* _____
              *Street*     *City*     *State*     *Zip*

Email address *(if available):* _____

☐ *Check here if more than two plaintiffs and attach form* SC-500A.
☐ *Check here if either plaintiff listed above is doing business under a fictitious name and attach form* SC-103.

---

**② The defendant (the person being sued) is:**

Name: Ajang Shamoe _____ Phone: 310-261-3224

Street address: 10390 Wilshire Boulevard, Unit #416    Los Angeles    CA    90024
             *Street*     *City*     *State*     *Zip*

Mailing address *(if different):* _____
              *Street*     *City*     *State*     *Zip*

**If more than one defendant, list next defendant here:**

Name: Diana Shamoe _____ Phone: 818-987-6699

Street address: 10390 Wilshire Boulevard, Unit #416    Los Angeles    CA    90024
             *Street*     *City*     *State*     *Zip*

Mailing address *(if different):* _____
              *Street*     *City*     *State*     *Zip*

☐ *Check here if more than two defendants and attach form* SC-500A.
☐ *Check here if any defendant is on active military duty and write defendant's name here:*

---

New November 1, 2021
CEB | Essential
ceb.com | Forms

**Plaintiff's Claim and ORDER to Go to Small Claims Court
(COVID-19 Rental Debt)**

SC-500, Page 2 of 6 ➔

| Plaintiff *(list names):*   Beverly Hills Properties, LLC | Case Number: |
|---|---|

**(3)** **The plaintiff claims the defendant owes $** _70,816.29_ **for COVID-19 rental debt**

**(unpaid rent or other financial obligations of a tenant that came due in the period from March 1, 2020, to September 30, 2021). (Code Civ. Proc., § 1179.02.)** *(Explain amount below.)*

a. **Rent.** List all rent you claim defendant owes that came due in the period from March 1, 2020, to September 30, 2021. For each month you claim rent is due, include each amount due and the date it came due.

| 04/01/2020 $6,016.00 | 05/01/2020 $6,025.00 | 06/01/2020 $6,025.00 | 07/01/2020 $6,025.00 |
|---|---|---|---|
| 08/01/2020 $6,025.00 | 09/01/2020 $4,517.85 | 10/01/2020 $4,517.85 | 11/01/2020 $4,517.85 |
| ~~12/01/2020 $4,521.39~~ | ~~01/01/2021 $4,514.24~~ | ~~02/01/2021 $4,517.85~~ | ~~03/01/2021 $4,517.85~~ |
| ~~04/01/2021 $4,517.85~~ | ~~05/01/2021 $4,503.41~~ | | |

b. **Other amounts of COVID-19 rental debt.** List all unpaid financial obligations under the lease or rental agreement (other than rent) that you claim defendant owes and that came due during the period in (a) above. For each month you claim other financial obligations are due, include each amount, the date it came due, and what it was for (for example, parking fees or utilities included as part of the rental agreement).

~~Los Angeles SCEP Fees~~

| 05/01/2020 $3.61 | 06/01/2020 $3.61 | 07/01/2020 $3.61 | |
|---|---|---|---|
| 08/01/2020 $3.61 | 09/01/2020 $3.61 | 10/01/2020 $3.61 | 11/01/2020 $3.61 |
| ~~12/01/2020 $3.61~~ | ~~01/01/2021 $3.61~~ | ~~02/01/2021 $3.61~~ | ~~03/01/2021 $3.61~~ |
| ~~04/01/2021 $3.61~~ | ~~05/01/2021 $3.61~~ | ~~06/01/2021 $3.61~~ | ~~07/01/2021 $3.61~~ |

☐ *Check here if you need more space. Attach one sheet of paper or form MC-031, and write "SC-500, Item 3" at the top.*

**(4)** **Amounts paid or offsets.**

List any amounts you received from defendant, rental assistance programs, and other third parties that you have already credited, and any other amounts you have offset or credited, for rent or other financial obligations due between March 1, 2020, and September 30, 2021, that you are not claiming in item 3 above. Include each amount, when it was paid or credited, and what it was for.

03/02/2020 $6,028.61 rent & L.A SCEP Fee, 09/29/2020 $1,507.15 rent,10/05/2020 $1,507.15 rent ,11/05/2020 $1,507.15 rent, 12/03/2020 $1,507.15 rent, 01/06/2021 $1,507.15 rent, 02/03/2021 $1,507.15 rent, 03/02/2021 $1,507.15 rent, 04/08/2021 $1,507.15 rent, 05/05/2021 $1,507.15 rent, 06/07/2021 $1,507.15 rent, 06/14/2021$4,521.46 rent, 07/02/2021 ~~$6,028.61 rent & L.A SCEP Fee, 08/03/2021 $6,028.61 rent & LA SCEP Fee, 09/01/2021 $6,028.61 rent and LA SCEP Fee~~

☐ *Check here if you need more space. Attach one sheet of paper or form MC-031, and write "SC-500, Item 4" at the top.*

**(5)** **You must ask the defendant (in person, in writing, or by phone) to pay you before you sue. Have you done this?**

☒ Yes   ☐ No   If no, explain why not:

New November 1, 2021

CEB | Essential
ceb.com | Forms

**Plaintiff's Claim and ORDER to Go to Small Claims Court**
**(COVID-19 Rental Debt)**

**SC-500,** Page 3 of 6   →

Plaintiff *(list names):* Beverly Hills Properties, LLC

Case Number:

**(6)** **Why are you filing your claim at this courthouse?**
**This courthouse covers the area** *(check one that applies):*

a. ☐ Where the defendant lives or does business.

b. ☒ Where the rental agreement, lease, or contract (written or spoken) was made, signed, performed, or broken by the defendant *or* where the defendant lived or did business when the defendant made the contract.

c. ☐ Other *(specify):* _____

**(7)** **List the zip code of the place checked in ⑥ above** *(if you know it):* _____

**(8)** **Have you filed more than 12 other small claims within the last 12 months in California?**
☐ Yes   ☒ No   *If yes, the filing fee for this case will be higher.*

**(9)** **Plaintiff must make a good-faith effort to help defendant obtain rental assistance before filing this case. Check all that apply below. You must also attach documentation of those efforts or, if you do not have documentation, describe your effort below.**

Plaintiff made a good-faith effort to help defendant obtain rental assistance before filing this case, as required under Code of Civil Procedure section 871.10(a), by:

a. ☒ *Investigating whether governmental rental assistance is available to the tenant;*

b. ☐ *Seeking governmental rental assistance for the tenant; or*

c. ☐ *Cooperating with the tenant's efforts to obtain rental assistance from any governmental entity or other third party.*

☒ *Check here if documentation attached. If not attached, describe your efforts below.*

_____
_____
_____
_____

**(10)** **I understand that the court cannot issue a judgment for me if I have received rental assistance for the amounts I am claiming from defendant.** *(Both statements must be true.)*

a. I have not received rental assistance or other financial compensation from any other source corresponding to any of the amount claimed in item 3 above; and

b. I do not have any application pending for rental assistance or other financial compensation from any other source corresponding to any of the amount claimed in item 3 above.

**(11)** **I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

I declare under penalty of perjury under the laws of the State of California that the information above and on any attachments to this form is true and correct.

Date: 9/03/2023   Representative of Beverly Hills Properties, LLC ▶ _____
*Plaintiff types or prints name here*          *Plaintiff signs here*

Date: _____ ▶ _____
*Second plaintiff types or prints name here*          *Second plaintiff signs here*

**Requests for Accommodations**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the trial. For these and other accommodations, contact the clerk's office for *Disability Accommodation Request.* (form MC-410). (Civ. Code, § 54.8.)

New November 1, 2021
CEB | Essential
ceb.com | Forms

**Plaintiff's Claim and ORDER to Go to Small Claims Court**
**(COVID-19 Rental Debt)**

SC-500, Page 4 of 6 →

## SC-500  Information for the defendant (the person being sued)

**"Small claims court"** is a special court where generally only claims for $10,000 or less are decided. This limitation has been lifted for cases for recovery of COVID-19 rental debt.* The process is quick and cheap. The rules are simple and informal. You are the *defendant*—the person being sued. The person who is suing you is the *plaintiff.*

**Do I need a lawyer?**  You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal from a small claims case).

**How do I get ready for court?**  Read form SC-500-INFO, *COVID-19 Rental Debt in Small Claims Court.* You don't have to file any papers before your trial, unless you think this is the wrong court for your case. But bring to your trial any witnesses, receipts, and evidence that support your case. And read "Be Prepared for Your Trial" at *www.courts.ca.gov/smallclaims/prepare.*

**Where can I get the court forms I need?**  Go to any courthouse or your county law library, or get forms at *www.courts.ca.gov/forms.*

**What if I need an accommodation?**  If you have a disability or are hearing impaired, fill out form MC-410, *Disability Accommodation Request.* Give the form to your court clerk or the ADA/Access Coordinator.

**What if I don't speak English well?**  Ask the court clerk as soon as possible for a court-provided interpreter. You may use form INT-300, *Request for Interpreter (Civil),* or a local court form to request an interpreter. If a court interpreter is unavailable for your trial, it may be necessary to reschedule your trial. You cannot bring your own interpreter for the trial unless the interpreter has been approved by the court as a certified, registered, or provisionally qualified interpreter. (See Cal. Rules of Court, rule 2.893, and form INT-140.)

**What happens at the trial?**  The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

**What if I lose the case?**  If you lose, you may appeal. You'll have to pay a fee. (Plaintiffs cannot appeal their own claims.)

- If you were at the trial, file form SC-140, *Notice of Appeal.* You must file within 30 days after the clerk hands or mails you the judge's decision (judgment) on form SC-200 or form SC-130, *Notice of Entry of Judgment.*

- If you were *not* at the trial, fill out and file form SC-135, *Notice of Motion to Vacate Judgment and Declaration,* to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File form SC-140.

For more information on appeals, see *www.courts.ca.gov/smallclaims/appeals.*

**Do I have options?**  Yes. If you are being sued, you can:

- **Settle your case before the trial.**  If you and the plaintiff agree on how to settle the case before the trial, the plaintiff must file form CIV-110, *Request for Dismissal* or a written and signed settlement agreement with the clerk. Ask the Small Claims Advisor for help.

- **Prove this is the wrong court.**  Send a letter to the court *before* your trial explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done so.)

- **Go to the trial and try to win your case.**  Bring witnesses, receipts, and any evidence you need to prove your case. To have the court order a witness to go to the trial, fill out form SC-107, *Small Claims Subpoena and Declaration* and have it served on the witness.

- **Sue the person who is suing you.**  If you have a claim against the plaintiff, and the claim is for $10,000 or less, you may file *Defendant's Claim and ORDER to Go to Small Claims Court* (form SC-120) and bring the claim in this action. If your claim is for *more* than allowed in small claims court, you may still file it in small claims court if you give up the amount over the small claims value amount, or you may file a claim for the full value of the claim in the appropriate court. If your claim is for more than allowed in small claims court *and* relates to the same contract, transaction, matter, or event that is the subject of the plaintiff's claim, you may file your claim in the appropriate court and file a motion to transfer the plaintiff's claim to that court to resolve both matters together. You can see a description of the amounts allowed in the paragraph above, titled **"Small Claims Court."**

- **Agree with the plaintiff's claim and pay the money.**  Or, if you can't pay the money now, go to your trial and say you want to make payments.

- **Let the case "default."**  If you don't settle and do not go to the trial (default), the judge may give the plaintiff what he or she is asking for plus court costs. If this happens, the plaintiff can legally take your money, wages, and property to pay the judgment. (But not your rental unit; this is not an eviction case.)

**What if I need more time?**

You can change the trial date if:
- You cannot go to court on the scheduled date (you will have to pay a fee to postpone the trial), *or*
- You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county).

Ask the Small Claims Clerk about the rules and fees for postponing a trial. Or fill out form SC-150 (or write a letter) and mail it to the court *and* to all other people listed on your court papers before the deadline. Enclose a check for your court fees, unless a fee waiver was granted.



**Need help?**
Your county's Small Claims Advisor can help for free.

Small Claims Court Advisory Program
http://dcba.lacounty.gov
Monday-Friday, 8:00 a.m.-4:30 p.m.
(213) 974-9759 or (800) 593-8222

Or go to *www.courts.ca.gov/smallclaims/advisor.*

*Limits do not apply in an action to recover COVID-19 rental debt, which is unpaid rent or other financial obligations of a tenant that are due between March 1, 2020, and Sept. 30, 2021. (See Code Civ. Proc., §§ 116.223 & 1179.02.) Read SC-500-INFO, *COVID-19 Rental Debt in Small Claims Court.*

New November 1, 2021

CEB | Essential
ceb.com | Forms

**Plaintiff's Claim and ORDER to Go to Small Claims Court
(COVID-19 Rental Debt)**

SC-500, Page 5 of 6

➔

## SC-500    Información para el demandado (la persona demandada)

La **"Corte de reclamos menores"** es una corte especial donde generalmente se deciden casos por $10,000 o menos. Se suspendió este límite para acciones para reclamar una deuda de alquiler del COVID-19.* El proceso es rápido y económico. Las reglas son sencillas e informales. Usted es el Demandado—la persona que se está demandando. La persona que lo está demandando es el Demandante.

**¿Necesito un abogado?** Puede hablar con un abogado antes o después del caso. Pero no puede tener a un abogado que lo represente ante la corte (a menos que se trate de una apelación de un caso de reclamos menores).

**¿Cómo me preparo para ir a la corte?** Lea el formulario SC-500-INFO, *La deuda de alquiler del COVID-19 en la corte de reclamos menores.* No tiene que presentar ningún documento antes del juicio, a menos que piense que ésta es la corte equivocada para su caso. Pero lleve al juicio los testigos, recibos y pruebas que apoyan su caso. Y lea "Esté preparado para su juicio" en *www.courts.ca.gov/reclamosmenores/preparese.*

**¿Dónde puedo obtener los formularios de la corte que necesito?** Vaya a cualquier edificio de la corte, la biblioteca legal de su condado, o imprima los formularios en *www.courts.ca.gov/smallclaims/forms* (página está en inglés).

**¿Qué hago si necesito una modificación?** Si tiene una discapacidad o tiene impedimentos de audición, puede llene el formulario MC-410, *Solicitud de modificaciones para discapacidad.* Entregue el formulario al secretario de la corte o al Coordinador de Acceso/ADA de su corte.

**¿Qué pasa si no hablo bien inglés?** Solicite un intérprete al secretario de la corte lo más pronto posible. Puede usar el formulario INT-300 o un formulario de su corte local. Si no está disponible un intérprete de la corte para su juicio, es posible que se tenga que cambiar la fecha de su juicio. No puede llevar su propio intérprete para el juicio a menos que el intérprete haya sido aprobado por la corte como un intérprete certificado, registrado, o provisionalmente calificado. (Vea la regla 2.893 de las Reglas de la Corte de California, y el formulario INT-140.)

**¿Qué pasa en el juicio?** El juez escuchará a ambas partes. El juez puede tomar su decisión durante la audiencia o enviársela por correo después.

**¿Qué pasa si pierdo el caso?** Si pierde, puede apelar. Tendrá que pagar una cuota. (El Demandante no puede apelar su propio reclamo.)
- Si estuvo presente en el juicio, llene el formulario SC-140, *Aviso de apelación* (Notice of Appeal). Tiene que presentarlo dentro de 30 días después de que el secretario le entregue o envíe la decisión (fallo) del juez en el formulario SC-200 o SC-130, *Aviso de publicación del fallo* (Notice of Entry of Judgment)..
- Si *no* estuvo en el juicio, llene y presente el formulario SC-135, *Aviso de petición para anular el fallo y Declaración* para pedirle al juez que anule el fallo (decisión). Si la corte no le otorga un nuevo juicio, tiene 10 días para apelar la decisión. Presente el formulario SC-140.

Para obtener más información sobre las apelaciones, vea *www.courts.ca.gov/reclamosmenores/apelaciones.*

**¿Tengo otras opciones?** Sí. Si lo están demandando, puede:
- **Resolver su caso antes del juicio.** Si usted y el Demandante se ponen de acuerdo en cómo resolver el caso antes del juicio, el Demandante tiene que presentar el formulario CIV-110 *Solicitud de desestimación (Request for Dismissal)* o un acuerdo de resolución escrito y firmado al secretario de la corte. Pídale al Asesor de Reclamos Menores que lo ayude.

- **Probar que es la corte equivocada.** Envíe una carta a la corte *antes* del juicio explicando por qué cree que es la corte equivocada. Pídale a la corte que despida el reclamo.Tiene que entregar (dar) una copia de su carta (por correo o en persona) a todas las partes. (Su carta a la corte tiene que decir que hizo la entrega.)
- **Ir al juicio y tratar de ganar el caso.** Lleve testigos, recibos y cualquier prueba que necesite para probar su caso. Si desea que la corte emita una orden de comparecencia para que los testigos vayan al juicio, llene el formulario SC-107, *Citatorio de reclamos menores* (Small Claims Subpoena) y entrégueselo legalmente al testigo.
- **Demandar a la persona que lo demandó.** Si tiene un reclamo contra el Demandante, y el reclamo se puede presentar en la corte de reclamos menores, tal como se describe en este formulario, puede presentar el formulario SC-120, *Reclamo del demandado* (Defendant's Claim) y presentarlo en este mismo caso. Si su reclamo excede el límite permitido en la corte de reclamos menores, puede igualmente presentarlo en la corte de reclamos menores si está dispuesto a limitar su reclamo al máximo permitido, o puede presentar un reclamo por el monto total en la corte apropiada. Si su reclamo excede el límite permitido en la corte de reclamos menores y está relacionado con el mismo contrato, transacción, asunto o acontecimiento que el reclamo del Demandante, puede presentar su reclamo en la corte apropiada y presentar una moción para transferir el reclamo del Demandante a dicha corte, para poder resolver los dos reclamos juntos. Puede ver una descripción de los montos permitidos en el párrafo anterior titulado "Corte de reclamos menores".
- **Aceptar el reclamo del Demandante y pagar el dinero.** O, si no puede pagar en ese momento, vaya al juicio y diga que quiere hacer los pagos a plazos.
- **No ir al juicio y aceptar el fallo por falta de comparecencia.** Si no llega a un acuerdo con el Demandante y no va al juicio (fallo por falta de comparecencia), el juez le puede otorgar al Demandante lo que está reclamando más los costos de la corte. En ese caso, el Demandante legalmente puede tomar su dinero, su sueldo o sus bienes para cobrar el fallo. (Pero no su hogar alquilado; esto no es un caso de desalojo).

**¿Qué hago si necesito más tiempo?** Puede cambiar la fecha del juicio si:
- No puede ir a la corte en la fecha programada (tendrá que pagar una cuota para aplazar el juicio), *o*
- No le entregaron los documentos legalmente (no recibió la orden para ir a la corte) por lo menos 15 días antes del juicio (o 20 días si vive fuera del condado).

Pregúntele al secretario de reclamos menores sobre las reglas y las cuotas para aplazar un juicio. O llene el formulario SC-150 (o escriba una carta) y envíelo antes del plazo a la corte y a todas las otras personas que figuran en sus papeles de la corte. Adjunte un cheque para pagar los costos de la corte, a menos que le hayan dado una exención.

 **¿Necesita ayuda?** El Asesor de Reclamos Menores de su condado le puede ayudar sin cargo.
Small Claims Court Advisory Program
http://dcba.lacounty.gov
Monday-Friday, 8:00 a.m.-4:30 p.m.
(213) 974-9759 or (800) 593-8222

O visite *www.courts.ca.gov/reclamosmenores/asesores.*

*Los límites no se aplican a las acciones para reclamar una deuda de alquiler del COVID-19, que se define como alquiler u otras obligaciones financieras impagas de un inquilino que vencieron entre el 1 de marzo de 2020 y el 30 de septiembre de 2021. (Vea el Código de Procedimiento Civil, secciones 116.223 y 1179.02.) Lea el formulario SC-500-INFO, *La deuda de alquiler del COVID-19 en la corte de reclamos menores.*

## INFORMATIONAL NOTICE OF COVID-19 TENANT RELIEF ACT EXTENSION AND NEW RENTAL ASSISTANCE PROGRAM

Ajang Shamoeil, Diana Shamdeil,
   and all others.
10390 Wilshire Blvd., Unit # 0416
Los Angeles, CA 90024

You are hereby notified, in accordance with Code of Civil Procedure Section 1179.04(b):

NOTICE FROM THE STATE OF CALIFORNIA: The California Legislature has enacted the COVID-19 Tenant Relief Act which protects renters who have experienced COVID-19 related financial distress from being evicted for failing to make rental payments due between March 1, 2020, and June 30, 2021.

"COVID-19-related financial distress" means any of the following:

- Loss of income caused by the COVID-19 pandemic.
- Increased out-of-pocket expenses directly related to performing essential work during the COVID-19 pandemic.
- Increased expenses directly related to the health impact of the COVID-19 pandemic.
- Childcare responsibilities or responsibilities to care for an elderly, disabled, or sick family member directly related to the COVID-19 pandemic that limit your ability to earn income.
- Increased costs for childcare or attending to an elderly, disabled, or sick family member directly related to the COVID-19 pandemic.
- Other circumstances related to the COVID-19 pandemic that have reduced your income or increased your expenses.

This law gives you the following protections:

- If you failed to make rental payments due between March 1, 2020, and August 31, 2020, because you had decreased income or increased expenses due to the COVID-19 pandemic, as described above, you cannot be evicted based on this nonpayment.
- If you are unable to pay rental payments that come due between September 1, 2020, and June 30, 2021, because of decreased income or increased expenses due to the COVID-19 pandemic, as described above, you cannot be evicted if you pay 25 percent of the rental payments missed during that time period on or before June 30, 2021.

You must provide, to your landlord, a declaration under penalty of perjury of your COVID-19-related financial distress attesting to the decreased income or increased expenses due to the COVID-19 pandemic to be protected by the eviction limitations described above. Before your landlord can seek to evict you for failing to make a payment that came due between March 1, 2020, and June 30, 2021, your landlord will be required to give you a 15-day notice that informs you of the amounts owed and includes a blank declaration form you can use to comply with this requirement.

If your landlord has proof of income on file which indicates that your household makes at least 130 percent of the median income for the county where the rental property is located, as published by the

Department of Housing and Community Development in the Official State Income Limits for 2020, your landlord may also require you to provide documentation which shows that you have experienced a decrease in income or increase in expenses due to the COVID-19 pandemic. Your landlord must tell you in the 15-day notice whether your landlord is requiring that documentation. Any form of objectively verifiable documentation that demonstrates the financial impact you have experienced is sufficient, including a letter from your employer, an unemployment insurance record, or medical bills, and may be provided to satisfy the documentation requirement.

It is very important you do not ignore a 15-day notice to pay rent or quit or a notice to perform covenants or quit from your landlord. If you are served with a 15-day notice and do not provide the declaration form to your landlord before the 15-day notice expires, you could be evicted. You could also be evicted beginning July 1, 2021 if you owe rental payments due between September 1, 2020, and June 30, 2021 and you do not pay an amount equal to at least 25 percent of the payments missed for that time period.

YOU MAY QUALIFY FOR RENTAL ASSISTANCE. In addition to extending these eviction protections, the State of California, in partnership with federal and local governments, has created an emergency rental assistance program to assist renters who have been unable to pay their rent and utility bills as a result of the COVID-19 pandemic. This program may be able to help you get caught up with past-due rent. Additionally, depending on the availability of funds, the program may also be able to assist you with making future rental payments.

While not everyone will qualify for this assistance, you can apply for it regardless of your citizenship or immigration status. There is no charge to apply for or receive this assistance.

Additional information about the extension of the COVID-19 Tenant Relief Act and new state or local rental assistance programs, including more information about how to qualify for assistance, can be found by visiting http://housingiskey.com/ or by calling 1-833-422-4255.


Sterling International Towers, Property #055

By      Helene Shaw_____

        Authorized Agent/Manager

February 23, 2021


cc:      Beverly Hills Properties

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Beverly Hills Courthouse<br>9355 Burton Way, Beverly Hills, CA 90210 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/04/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ B. King _____ Deputy |
| PLAINTIFF(S):<br>Beverly Hills Properties, LLC | |
| DEFENDANT(S):<br>Ajang Shamoeil, et al. | |
| **NOTICE OF ONLINE DISPUTE RESOLUTION (ODR)**<br>**PROGRAM – SMALL CLAIMS** | CASE NUMBER:<br>23BHSC00636 |

NOTICE TO ALL PARTIES IN THIS CASE:

The Court provides a free program to help people resolve their Small Claims case online without a court hearing. This program is called Online Dispute Resolution (ODR).

**Register at** https://my.lacourt.org/odr/small-claims within five (5) calendar days of receiving of this Notice. You have until two (2) court days before your hearing to complete ODR.

**Free Help:** You can request free help from a mediator after both sides register for ODR. Mediators can help you use ODR to reach a settlement agreement. Mediators are provided by mediation agencies, not by the Court.

**You can avoid a court hearing.** If you reach a settlement agreement, ODR will put it in the proper form and send it to the Court. If approved, your hearing will be cancelled.

**You must attend your hearing if you do not have a court-approved Settlement Agreement by two (2) court days before your hearing,** and you were not dismissed from the case. You may appear remotely:
https://my.lacourt.org/laccwelcome See LASC CIV 278 – Exchange and Submission of Evidence (Small Claims).

**Confidentiality:** ODR does not become part of your case file. Judges and court staff cannot see any information about your confidential ODR communications.

Visit the Court's Small Claims ODR website https://my.lacourt.org/odr/small-claims:
- To register for ODR
- To learn more about ODR and helpful resources for resolving your case

NOTICE OF ONLINE DISPUTE RESOLUTION (ODR) PROGRAM – SMALL CLAIMS

LASC SMCL 018 Rev. 12/21
For Mandatory Use

## RESOLVE YOUR SMALL CLAIMS CASE WITHOUT COMING TO COURT

The Los Angeles Superior Court is committed to providing access to justice, while maintaining social distancing through its Here for You | Safe for You initiative, which focuses on providing a safe courthouse environment for you, our judicial officers and staff. Some of the efforts include: establishing additional hearing times and limiting the number of cases per time slot. Unfortunately, this will result in waiting nearly twice as long as you otherwise would for a hearing date and an opportunity to present your case.

If you are interested in an opportunity to settle your case without coming to court, the court has no-cost mediation services available to help resolve your differences quickly and efficiently. Experienced, well-trained mediators will assist parties to reach an agreeable solution before you come to court.

Save yourself time, cost, and hassle by taking advantage of one of the following efficient and flexible settlement programs and resolve your case before your court date.

Online Dispute Resolution

The County of Los Angeles Department of Consumer and Business Affairs (DCBA) and the Center for Conflict Resolution (CCR) offer *Online Dispute Resolution (ODR)*. With ODR, you are in control, not the court. You decide whether a settlement is right for you.

These flexible settlement programs allow you to select and schedule the ODR process that is best for you; whether it be a live chat with a mediator, participation in video mediation, or submission of a settlement offer.

If all parties reach a settlement agreement, it is possible you may not need to go to court. However, if no settlement is reached, you must appear on your hearing date as scheduled.

ODR with DCBA: Visit www.dcba.lacounty.gov, select "Get Help" button to submit a request for online mediation or call (800)593-8222 to speak with a counselor about your concerns.

ODR with CCR (Available Aug. 1, 2020): Visit www.courtinnovations.com/CCR4Peace or call CCR at (818)705-1090 to learn more.

Dispute Resolution Before You File Your Case

The Los Angeles County Workforce Development, Aging and Community Services (WDACS) Department offers the Dispute Resolution Program (DRP) and nine different community mediation organizations, as an alternative to resolving disputes within the court system. For referrals and more information please call (213)738-2621.

LASC CIV 280 NEW 07/20
For Mandatory Use

GEN-16-Small Claims Portal 3-PJ

FILED
Superior Court of California
County of Los Angeles

APR 13 2016

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

In re Small Claims Jurisdiction Cases          )     GENERAL ORDER re SMALL CLAIMS
Calendared in the Los Angeles County          )     PROCEDURES: NOTICE of WEB
Superior Court                                )     PORTAL AVAILABILITY for
                                              )     INTERPRETER REQUESTS
                                              )     (Effective April 13, 2016)
                                              )

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on small claims cases, IT IS HEREBY ORDERED that each Small Claims plaintiff shall, along with the *Plaintiff's Claim and Order to Go to Small Claims Court*, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice or flyer generally informs litigants that the Los Angeles County Superior Court provides interpreter services in small claims hearings at no cost to parties with limited English proficiency and that Spanish language interpreters are readily available in all courtrooms where Small Claims hearings are held. The notice or flyer will be provided to the claimant at the time the Small Claims action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http: //www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Small Claims Web Portal for Interpreter Requests* on line 3(d) of the Proof of Service form (Form SC – 104) filed with the court.

Effective immediately, this General Order supersedes any previous order related to service of the *Notice of Availability of Web Portal for Interpreter Requests* and is to remain in effect until otherwise ordered by the Presiding Judge.

DATED: April 13, 2016



_____
CAROLYN B. KUHL
PRESIDING JUDGE

GENERAL ORDER   SMALL CLAIMS PORTAL

FILED
Superior Court of California
County of Los Angeles          2020-SJ-019-00

DEC 07 2020

herri R. Carter, Executive Officer/Cl
_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE MEET AND CONFER IN SMALL CLAIMS    )    STANDING ORDER
CASES                                     )
                                          )
                                          )

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY, IF ANY:

PLEASE TAKE NOTICE that pursuant to California Code of Civil Procedure §§ 128 and 187;
California Rules of Court, rule 10.603; and the inherent powers of the Court (In re: Reno (2012) 65
Cal.4th 428, 522), the Court HEREBY ORDERS AS FOLLOWS:

Each Plaintiff is ordered to register for Online Dispute Resolution (ODR) at
https://my.lacourt.org/odr/small-claims within five calendar days of case filing.

Each Defendant is ordered to register for ODR at https://my.lacourt.org/odr/small-claims within
five calendar days of receiving the Plaintiff's Claim and Order to Go to Small Claims Court.

Once all parties have registered for ODR, each party is ordered to participate in good faith
settlement discussions through the ODR website. The settlement discussions must be completed at least
two court days prior to the date set for trial. Settlement forms may be completed, signed, and filed
through the ODR website.

///

1

STANDING ORDER FOR MEET AND CONFER IN SMALL CLAIMS CASES

1    The plaintiff is further ordered to serve a copy of the following documents on the other party or

2    parties in the matter: (1) this Standing Order, (2) a copy of the Plaintiff's Claim and Order to Go to

3    Court (Form SC-100), and (3) a copy of the Notice to use ODR (LASC Form SMCL 018).

4    IT IS SO ORDERED.

5

6    Date: ____12 / 7 / 2020____

7                                                            Judge Samantha P. Jessner
                                                            Supervising Judge, Civil Division

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                        2
28

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Beverly Hills Courthouse<br>9355 Burton Way, Beverly Hills, CA 90210 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/04/2023 |
| PLAINTIFF(S):<br>Beverly Hills Properties, LLC | David W. Slayton, Executive Officer / Clerk of Court:<br>By: _____ B. King _____ Deputy |
| DEFENDANT(S):<br>Ajang Shamoeil, et al. | |
| **NOTICE OF REMOTE APPEARANCES AND EXCHANGE AND**<br>**SUBMISSION OF EVIDENCE PROTOCOL** | CASE NUMBER:<br>23BHSC00636 |

NOTICE TO ALL PARTIES IN THIS CASE:

The Los Angeles Superior Court strongly encourages remote appearances by audio or video for Small Claims cases via LACourtConnect (LACC), its remote courtroom appearance technology. The Court is waiving the recovery fee and providing LACC at no cost to the litigants for hearings beginning September 7, 2021. Offering LACC at no cost will increase the safe access to justice and promote remote appearances. Visit the website at https://www.lacourt.org/lacc to learn more and to register for a remote appearance.

Pursuant to California Code of Civil Procedure, section 116.520, parties in a Small Claims matter have the right to present evidence and witnesses at the hearing to support their respective positions. In order to facilitate remote appearances, the Court has developed a protocol for the exchange of evidence between or among the parties and for submission to the court in advance of the hearing.

Any evidence the party wishes the court to consider must be sent to the opposing party and the court in a method that ensures receipt at least ten (10) days prior to the scheduled hearing pursuant to Standing Order 2020-SJ-015-00 in re Small Claims Protocol for Exchange and Submission of Evidence. See enclosed LASC CIV 278 *Exchange and Submission of Evidence (Small Claims)* form and LASC CIV 279 *Mailing Label.*

Evidence attached to the Plaintiff's Claim and Order to Go to Small Claims Court will be rejected as non-compliance with the Exchange and Submission of Evidence Standing Order.

Evidence will be destroyed after the hearing unless the parties provide a self-addressed envelope with sufficient pre-paid postage at the time of the submission of the evidence.

**NOTICE OF REMOTE APPEARANCES AND EXCHANGE OF EVIDENCE PROTOCOL**

LASC SMCL 016 Rev. 01/22
For Mandatory Use

### Notice of Availability of Small Claims Web Portal for Interpreter Requests

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Small Claims hearings. Spanish language interpreters are readily available in all courtrooms where Small Claims hearings are held. If you require a Spanish interpreter, please let the courtroom staff know about your need, on the day of your hearing. Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests http://www.lacourt.org/irud/UI/index.aspx?ct=SC. While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have questions about language access services, please contact LanguageAccess@LACourt.org

### 关于小额索赔庭传译员申请门户的可用性通知

在小额索赔庭审中，洛杉矶高等法院为英语能力有限的各方人士提供免费传译员服务。在举行小额索赔庭审的所有法庭中，均有现成的西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审前，英语能力有限的非西班牙语人士可通过法院的传译员申请网络门户 http://www.lacourt.org/irud/UI/index.aspx?ct=SC 提前申请传译员。法院会尽力按您的庭审日期和时间安排传译员，但法院无法保证能够即时提供传译员。如果您有关于语言服务的疑问，请联系LanguageAccess@LACourt.org

### 통역사 신청을 위한 소액 청구 웹 포털 이용 통지

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다.

스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 제공할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 다른 언어를 사용하고 영어가 능숙하지 않은 개인들은 통역사 신청을 위한 법원 웹 프털을 통해서 재판일 전에 통역사를 신청할 수 있습니다(http://www.lacourt.org/irud/UI/index.aspx?ct=SC). 법원은 심리 날짜와 시간에 통역사를 찾기 위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACourt.org.

### Aviso de disponibilidad del Portal web de reclamos menores para solicitar intérpretes

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de reclamos menores a las partes que tienen conocimientos limitados de inglés. Se dispone de intérpretes de español en todas las salas donde se realizan audiencias de reclamos menores. Si necesita un intérprete de español, infórmele al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes (http://www.lacourt.org/irud/UI/index.aspx?ct=SC). La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no le podemos garantizar que haya uno disponible en forma inmediata. Si tiene alguna pregunta sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACourt.org.

Ծանուցագիր Թարգմանչական Ծառայության Ինտերնետ Ներկայացնելու համար Փոքրիկ Հայցերի Համար

Լոս Անջելեսի Առաջին ատյանի դատարանն անվճար թարգմանչական ծառայություններ է տրամադրում Փոքր Հայցերի դատավարման, անգլերենին տիրապետմամբ սահմանափակ կողմերին։ Իսպաներենի թարգմանիչ առկա է բոլոր դատարանի դահլիճներում, ուր Փոքր Հայցերի լսումներ են տեղի ունենում։ Եթե Ձեզ անհրաժեշտ է իսպաներենի թարգմանիչ, խնդրում ենք լսումների օրը տեղեկացնել դատարանին դահլիճի աշխատակիցներին այս մասին։ Անգլերենին սահմանափակ տիրապետմամբ անձինք, ովքեր խոսում են իսպաներեն, բայց ոչ մի այլ լեզվով, կարող են թարգմանիչ խնդրանքով ներկայանալ դատարանի դահլիճ դատին մինչ այդ, դատարանի ինտերնետ թարգմանչական խնդրանքներով http://www.lacourt.org/irud/UI/index.aspx?ct=SC։ Թեև դատարանն ամեն ինչ կանի Ձեր լսման օրն ու ժամին թարգմանիչ գտնելու համար, սակայն չի երաշխավորում, որ մեկն անմիջապես կունենա։ Եթե ունեք լեզվական հասանելիության ծառայությունների վերաբերյալ հարցեր, խնդրում ենք գրեք LanguageAccess@LACourt.org

### Thông Báo về Cổng Vào Khu Kiện Nhỏ để Xin Cung Cấp Thông Dịch Viên

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên kiện có khả năng Anh Ngữ giới hạn trong những vụ Kiện Nhỏ. Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các phòng xử Vụ Kiện Nhỏ. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhận viên phòng xử biết về nhu cầu của quý vị, vào ngày xử. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày có phiên tòa của họ qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên http://www.lacourt.org/irud/UI/index.aspx?ct=SC. Tuy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc về các dịch vụ ngôn ngữ, xin liên lạc với LanguageAccess@LACourt.org

FILED
Superior Court of California
County of Los Angeles

SEP 0 4 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorena Albero

2020-SJ-015-01

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE SMALL CLAIMS PROTOCOL FOR )   1st AMENDED STANDING ORDER RE:
EXCHANGE AND SUBMISSION OF   )   EVIDENCE EXCHANGE
EVIDENCE                    )
                                    )
                                    )
                                    )

       Pursuant to Code of Civil Procedure section 116.520, parties in a Small Claims matter have the right to present evidence and witnesses at the hearing on the matter in support of their respective positions.

       As a result of the COVID-19 pandemic, it is imperative to practice social distancing in courthouses and courtrooms. To that end, the Los Angeles Superior Court encourages remote appearances by audio or video in Small Claims cases via LA CourtConnect (https://www.lacourt.org/lacc). In order to facilitate remote appearances, the court has developed a protocol for the exchange of evidence between or among the parties in advance of the hearing and for submission of the evidence to the court in advance of the hearing. Evidence will be destroyed after the ruling unless parties provide a self-addressed envelope with sufficient pre-paid postage at the time of submission of evidence to the court.

       Any party in a Small Claims matter that wishes to submit evidence to support their respective position, whether appearing remotely or in person, is ordered to:

       1. Send a copy of any evidence the party wishes the court to consider to the other party or parties in the matter, in any manner that ensures receipt of the evidence at least ten (10) days in advance of the hearing. The party must be able to provide proof of sending the evidence to the court if requested.

       2. Send a copy of any evidence the party wishes the court to consider to the court ten (10) days prior to the hearing date. Each party must follow the procedures set forth below:

STANDING ORDER - PROTOCOL FOR EXCHANGE AND SUBMISSION OF EVIDENCE (Small Claims)

2020-SJ-015-01

a. Each party must complete form LASC CIV 278 Exchange and Submission of
Evidence (Small Claims). The form must be placed inside the envelope with the
evidence. The form is attached and can be found on the court's website at
http://www.lacourt.org.

b. Each party must complete a mailing label and attach it to the outside of the
envelope. The mailing label must contain the following information: (a) case
number, (b) case name, (c) date of hearing, (d) identity of party submitting the
evidence, and (e) courtroom number or department number in which the matter will
be heard. The mailing label form LASC CIV 279 is attached and can be found on
the court's website at http://www.lacourt.org.

c. Each party submitting evidence must include a self-addressed envelope with
sufficient pre-paid postage if the submitting party would like the evidence returned
after the hearing.

d. A list of the addresses for the courthouses and courtrooms that hear Small Claims
matters can be found at http://www.lacourt.org/courthouse/mode/division/smallclaims.

A party's failure to exchange and submit evidence to the court with proof of compliance and
mailing, may result in the evidence not being considered by the court.

The plaintiff is further ordered to serve a copy of this Standing Order with the Plaintiff's Claim
and ORDER to Go to Court (SC-100), along with all other information sheets, as required.

IT IS SO ORDERED.

Dated: _9_/_4_/_20_

Judge Samantha P. Jessner
Supervising Judge, Civil Division

STANDING ORDER    PROTOCOL FOR EXCHANGE AND SUBMISSION OF EVIDENCE (Small Claims)

# Exchange and Submission of Evidence (Small Claims)

**Important:** This form is to be used to submit evidence to the court and the opposing party. Read the other side of this form before you fill out the form.

Pursuant to Code of Civil Procedure section 116.520, parties in a Small Claims matter have the right to present evidence and witnesses at the hearing on the matter in support of their respective positions.

Each party who wishes to submit evidence is ordered to exchange and submit evidence to the court at least ten (10) days prior to the hearing and show proof of compliance (1st Amended Standing Order Re: Evidence Exchange 2020-SJ-015-01).

A party's failure to comply may result in the evidence not being considered by the court.

*Fill in court name and address*
Superior Court of California, County of Los Angeles

Case Number:

Case Name:

My Name is:_____

My Mailing Address is:_____

_____

I am a (check one):  ☐ Plaintiff   ☐ Defendant in this case.

My hearing is now scheduled on

(date) _____

at (time)_____

in Department _____

## INSTRUCTIONS:

List each item of evidence separately and briefly describe it. Please provide copies only, as evidence will be returned only if a self-addressed envelope with sufficient pre-paid postage is submitted. If you need more space, attach one sheet of paper.

1._____

2._____

3._____

4._____

5._____

The parties listed below have been served with a copy of my evidence.

Name:_____was served on (date) _____

by (check one) ☐ mail   ☐ personal delivery. Address of service: _____

Name:_____was served on (date) _____

by (check one) ☐ mail   ☐ personal delivery. Address of service: _____

LASC CIV 278 Rev. 09/20
For Mandatory Use

Instructions for Form LASC CIV 278, Exchange of Evidence (Small Claims) *(This form must be used to submit evidence to the court)*

To facilitate remote appearances, evidence must be exchanged between or among the parties and submitted to the court in advance of the hearing pursuant to 1st Amending Standing Order Re: Evidence Exchange (effective September 4, 2020).

Each party who wishes to appear remotely must do the following:

1. Send a copy of any evidence the party wishes the court to consider to the other party or parties in a manner that ensures receipt of the evidence at least ten (10) days prior to the hearing date;
2. Send a copy of any evidence the party wishes the court to consider to the court that ensures receipt of the evidence at least ten (10) days prior to the hearing date;
3. Place a copy of the evidence in an envelope;
4. Place a completed copy of this form inside the envelope;
5. Enclose a self-addressed envelope with sufficient pre-paid postage in the envelope, if you want the evidence returned to you after the hearing;
6. Seal the envelope;
7. COMPLETE THE MAILING LABEL AND ATTACH TO THE ENVELOPE;
8. Mail to the clerk of the court at the address of the courthouse where your case is pending or place in the Civil drop-off box located outside the courthouse. The courthouse addresses are listed below;
9. If requested, the party must provide proof of sending the evidence to the court and to the opposing party or parties;
10. A remotely-appearing party's failure to exchange evidence with the opposing party and submit evidence to the court with proof of mailing in advance of the hearing and as set forth herein, may result in the evidence not being considered by the court.

Michael Antonovich Courthouse
Antelope Courthouse
Small Claims Courtroom
42011 4th Street West
Lancaster Lancaster, CA 93534

Bellflower Courthouse
Small Claims Courtroom
10025 Flower Street
Bellflower, CA 90706

Chatsworth Courthouse
Small Claims Courtroom
9425 Penfield Avenue
Chatsworth, CA 91311

Compton Courthouse
Small Claims Courtroom
200 West Compton Blvd
Compton, CA 90220

Inglewood Courthouse
Small Claims Courtroom
One Regent Street
Inglewood, CA 90301

Governor George Deukmejian
Long Beach Courthouse Small
Claims Courtroom
275 Magnolia Avenue
Long Beach, CA 90802

Pasadena Courthouse
Small Claims Courtroom
300 East Walnut
Pasadena, CA 91101

Santa Monica Courthouse
Small Claims Courtroom
1725 Main Street
Santa Monica, CA 90401

Stanley Mosk Courthouse
Small Claims Courtroom
111 North Hill Street
Los Angeles, CA 90012

Van Nuys Courthouse
Small Claims Courtroom
6230 Sylmar Avenue
Van Nuys, CA 91401

West Covina Courthouse
Small Claims Courtroom
1427 West Covina Parkway
West Covina, CA 91790

From: _____

_____

_____

To: _____

_____

_____

Date: _____ Time: _____

Department: _____

Case Number: _____

LASC CIV 279 NEW 07/20
For Mandatory Use

Small Claims Mailing Label

From: _____

_____

_____

To: _____

_____

_____

Date: _____ Time: _____

Department: _____

Case Number: _____

LASC CIV 279 NEW 07/20
For Mandatory Use

Small Claims Mailing Label